UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| | ) | |
| NATHALIE D JACKSON | ) | CASE NO. 24-80991 |
| | ) | |
| Debtor(s). | ) | |

**TRUSTEE'S OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN FILED 7/22/2024**

NOW COMES Lydia S. Meyer, the standing Chapter 13 Trustee for the United States Bankruptcy Court for the Northern District of Illinois, Western Division, and as for her Objection to Confirmation states as follows:

1. The debtor(s) filed for Chapter 13 relief on 7/22/24.
2. The 341 (a) Meeting of Creditors held on 8/26/2024 was…
   - ☒ Concluded
   - ☐ Taken off calendar
   - ☐ Continued to ______________________________________________.
3. ☐ The debtor(s) failed to appear [11 USC 341(a)] for 341 meeting on __________.
4. ☒ The debtor(s) failed to commence Chapter 13 Plan payments [11 USC 1326(a)(1)].
5. ☒ The debtor(s) is/are delinquent in the Chapter 13 Plan payments.
6. ☐ The post-petition payments to secured creditors are delinquent.
7. ☐ The debtor(s) is/are not eligible for Chapter 13 [11 USC 109(e)(g)].
8. ☒ The trustee objects to the exemption(s) claimed [B.R. 4003(b)] CASH ACCOUNTS UNDER 15 USC SECTION1673
9. ☐ The Debtors/Husband/Wife are not entitled to a discharge.
10. The plan filed 7/22/2024 by the debtor(s) fails to meet confirmation requirements and the Trustee objects to confirmation of the Chapter 13 plan for the following reasons:
    - ☐ The proposed Chapter 13 Plan is not feasible [11 USC 1325(a) (6)] as the debtor(s) lacks sufficient regular income [11 USC 109(e)] and/or debtor(s) cannot afford plan payments_______________________________________________________
    - ☐ The Chapter 13 Plan unfairly discriminates against class of general unsecured claims [11 USC 1322(b)(1)].
      - ☐ Plan pays creditor ______________________________ as secured beyond value of collateral.
      - ☐ Plan proposes to pay ______________________ at 100% while other unsecured creditors receive less than 100%.
      - ☐ Plan proposes to pay ______________________ directly which results in that creditor being paid 100% while other unsecured creditors are being paid less than 100%.

LIQUIDATION –

- ☐ Proposed Chapter 13 plan fails to meet liquidation value [11 USC 1325 (a)(4)]
  - ☐ Non-exempt equity $_________ Plan only paying $_________
  - ☐ Must be 100%
  - ☐ Must be 100% with interest
  - ☐ Fair market value of real estate higher per tax assessment than listed on schedule A.
  - ☐ Other _______________________________________________

DISPOSABLE INCOME -

Proposed Chapter 13 plan fails to provide that all of debtor(s)' projected disposable income to be received during the applicable commitment period will be applied to make payments to unsecured creditors under the plan, [11 USC 1325 (b)(1)(B)] or no cause to extend.

- ☐ Income higher for debtor/wife/husband per ____________________
- ☐ Unreasonable expenses ____________________
- ☐ Proof of following expenses required ____________________
- ☐ 401k loan deduction $____________ - Plan payment should increase when 401k loan is paid.
- ☐ Tax Refunds above $2,000 should be paid into plan in addition to plan payments.
- ☒ Other AUTO EXPENSE ON SCHEDUE J AND AUTO BEING PAID THROUGH THE PLAN; THE PLAN PROPOSES THE TRUSTEE MAKE THE DEBTORS POST PETITION AUTO PAYMENTS. THE DEBTOR SHOULD MAKE THESE DIRECTLY OR THE CREDITOR SHOULD BE LISTED IN 3.2
- ☐ Below Median Debtor
  - ☐ Excess per I/J = $____________________
  - Plan payments only $____________________
  - ☐ Other ____________________
- ☐ Above Median Debtor
  - ☐ Plan proposed is not 60 months.
  - ☐ Plan payment is insufficient – Debtor's actual monthly income minus IRS allowances requires plan payment of $__________; Plan proposes payment of $____________________
  - ☐ Following expenses are inconsistent between schedules I/J and form 122C2 ____________________
  - ☐ Following lines are incorrect on 122C1/122C2: ____________________
  - ☐ Amended 122C1 Required.
  - ☐ Other ____________________
  - ☒ Cannot be determined if above or below median income or if disposable income requirement met in above median case
    - ☒ Need proof of income for prior 6 months FROM RENT OR BUSINESS AND FOR NON FILING SPOUSE
    - ☐ Number in household in question
    - ☐ Amended 122C1 required ____________________

PLAN PROBLEMS -

- ☒ Plan fails to provide for following secured creditors QUANTUM3 GROUP FILED COURT CLAIM #1
- ☐ Plan fails to provide for full payment of all claims entitled to priority as required by Section 507(a)(1)(B).
- ☐ Plan fails to provide for fixed monthly installments for all secured creditors in paragraph 3.1, 3.2, 3.3, and 3.4 [11 USC 1325 (a)5].
- ☐ Following claims will not be paid off within plan term at fixed monthly payment amount. ____________________
- ☐ Plan payment is insufficient to cover all fixed payments to creditors and Trustee's fees.

☐ The Plan fails to include the following language - "The Plan will conclude before the end of the initial term only as such time as allowed claims are paid in full with interest required by the plan."

☒ The proposed Chapter 13 plan will not complete within 60 months [11 USC 1315(a)4].

☐ The plan proposes to pay certain creditors as secured. The documents indicated below are needed for the following creditors:

_________________________ ☐ Timely filed Proof of Claim
(Creditor) ☐ Security Documents

_________________________ ☐ Timely filed Proof of Claim
(Creditor) ☐ Security Documents

_________________________ ☐ Timely filed Proof of Claim
(Creditor) ☐ Security Documents

☐ The following creditors listed in 3.2 and/or 3.4 did not receive notice pursuant to Rule 7004: _________________________________________________

☐ The plan was not noticed to all creditors.

☐ Notice was not provided to: ______________________________

☐ Debtor failed to list and provide notice to: ______________________

☐ The following boxes are not checked: ________________________

☐ The debtor(s) has/have failed to file Chapter 13 Plan in good faith. [11 USC 1325 (a) (3)]

☐ Prior bankruptcy filings by debtor(s) __________________________

☒ Other: PER COUNTY WEBSITE SPELLING OF STREET NAME IS MENOMONIE; A CHANGE OF ADDRESS SHOULD BE FILED. SECTION 7.1 SHOULD HAVE PLAN CONFIRMATION BOX CHECKED. INTEREST SHOULD NOT BE PAID ON THE MORTGAGE ARREARAGE; **

☐ Debtor(s) have failed to produce the following documents required by 11 USC 1308(a)2, 521(e)2(A) and 521(a)1(B)1v:

- ☒ Proof that the debtor(s) filed the last 4 years of tax returns – 11 USC§1307(e) states that the Court shall dismiss or convert a case to Chapter 7 upon the debtor's failure to file no later than the day before the date of the original creditors meeting all tax returns for all taxable periods ending during the 4 year period ending on the date of the filing of the petition.
- ☐ Copy of Federal income tax return for ___________. Pursuant to 11 USC§521(e)2(B), if the debtor fails to provide the most recent tax return 7 days before original first meeting of creditors, the Court shall dismiss the case unless the debtor shows that the failure to comply is "due to circumstances beyond the control of the debtor."
- ☒ Paycheck stubs – Pursuant to 11 USC 521, debtor's failure to file copies of all payment advices or other evidence of payment received within 60 days before the filing of the petition by the debtor from any Employer shall result in the automatic dismissal of the case on the 46th day after the date of the filing of the petition.
- ☐ The debtor(s) has/have failed to cooperate with the trustee [11 USC 521(a) (3)] as the following document(s) was/were not provided:
  - ☐ Acceptable certificate that debtor has completed the requisite debtor briefing [11 USC 109(h)1]
  - ☐ Amended schedule E listing name and address of the holder of any domestic support obligation.

** MORTGAGE PER THE PLAN IS $1,117.00 AND PER SCHEDULE J $1,200.00; THE ITEMIZATION FOR THE ATTACHMENT AS LISTED IN SCHEDULE A/B NOT ATTACHED SO SCHEDULE A/B SPARSE AND EXEMPTIONS BEING TAKEN ON PROPERTY NOT LISTED

- ☒ Certification that the debtor has paid all amounts required to be paid under a domestic support obligation [11 USC 1325(a)8] or that the debtor(s) have no domestic support obligations
- ☐ Paycheck stubs
- ☒ Proof of Income from RENT OR BUSINESS
- ☐ Profit and Loss statements
- ☐ Business Questionnaire and all attachments
- ☒ Proof of Social Security number
- ☒ Other PROOF DEBTOR IS CURRENT WITH POST PETITION MORTGAGE PAYMENTS.

11. ☒ Attorney's Fees Issues – Listed here for informational purposes only – these issues will not bar confirmation:
    - ☐ No fee application filed
    - ☐ Fee Application not noticed
    - ☐ Fee application and order are inconsistent
    - ☒ Other ATTORNEY FEES SHOULD NOT BE LISTED ON SCHEDULE E PROOF ATTORNEY PAID FOR $37.00 FOR THE CREDIT REPORT

WHEREFORE, the Trustee objects to confirmation of the Chapter 13 Plan for the foregoing reasons and requests that this case be dismissed.

/S/LYDIA S. MEYER
LYDIA S. MEYER

NOTICE OF FILING AND PROOF OF SERVICE

Please take notice that on August 27th, 2024 this Objection to Confirmation was filed with the Clerk of the United States Bankruptcy Court for the Northern District of Illinois, Western Division: a copy of which is hereby served upon attorney of record and the debtor(s).

STATE OF ILLINOIS )
) SS
COUNTY OF WINNEBAGO )

I, the undersigned being first duly sworn on oath, depose and state that I served a copy of this **OBJECTION TO CONFIRMATION** upon attorney of record for the debtor via electronic notification that occurs automatically upon the filing of said Objection to Confirmation. I further swear that I served a copy upon the Debtor(s) to their current address on file with the Trustee's office by mailing a true and correct copy in a properly addressed envelope, postage pre-paid at Rockford, IL at or about the hour of 5:00 p.m. on August 27th, 2024.

/S/DOMINIC TASSONI

LYDIA S. MEYER, Trustee
308 West State Street, Suite 212
Post Office Box 14127
Rockford, IL 61105-4127
Telephone: 815/968-5354
Fax: 815/968-5368